## New York Marine Court.

### Trial Term—April, 1880.

## FRANK. O. BURRIDGE *against* JAMES L. ANTHONY ET AL.

Unauthorized sale of stocks—rule of damages—duty of stock speculator to save himself from damage—effect of notice.

The plaintiff, a speculator in stocks, sued the defendants, his brokers, to recover $2,000 damages, arising out of an unauthorized sale by them on August 14, 1879, of one hundred shares of Wabash, and a like number of shares of the Lake Shore Railroad Company. The stock was not purchased and paid for by the plaintiff, but was purchased by his brokers upon the security of margins deposited by him with them to cover any losses which might occur by reason of any decline in the stock market prior to a resale thereof by his direction. The only material dispute as to facts presented upon the trial was whether the sale was made with or without the plaintiff's authority. This disputed question was submitted upon conflicting evidence to the jury, with instructions to find a special verdict (*Code of*

*Civ. Pro.* §§ 1,186, 1,187 ; Carr *v.* Carr, 52 *N. Y.* 251), leaving the court to determine which party was entitled to judgment thereon (§ 1,186, *supra*). The jury found that the sale was unauthorized, and the plaintiff claims as the result of this finding that he is entitled to recover, as damages, the difference between the price of stocks on August 14, 1879 (the day of the unauthorized sale), and October 1, 1879, when he gave the defendants notice to sell the same.

*Billings & Cardozo,* for plaintiff.

*R. M. & T. D. Hall,* for defendants.

McADAM, J.—If the plaintiff had not received notice of the unauthorized sale by the defendants he would have been justified in assuming that they were still carrying the stocks in question subject to his orders, and their failure to comply with his direction to sell would have determined the measure of their liability. Their unauthorized act would not, in such case, have excused them from the performance of a plain duty. The giving of such notice is an idle ceremony, however, where (as in the present instance) the customer has had timely notice from his brokers that the stocks have already been sold. In such a case the customer has the duty imposed upon him, by the notice, to save himself from further damage, so far as lies in his power (Hamilton *v.* McPherson, 28 *N. Y.* 72 ; Dillon *v.* Anderson, 43 *Id.* 231). The court of appeals, in Baker *v.* Drake (53 *N. Y.* 211), lays down as the rule of damages applicable to cases of this character, that "where a broker purchases stock for a customer, not as an investment, but upon speculation, if upon being advised of an unauthorized sale of the stock, the principal desires further to prosecute the adventure and take the chances of a future market, he has a right to disaffirm the sale and require the brokers to replace the stock ;

and if they fail or refuse to do this, his remedy is to do it himself, and charge them with the loss reasonably sustained in doing so ; and the advance in the market price from the time of the sale up to a reasonable time, to replace it, after notice of sale, affords a complete indemnity, and is a proper measure of damage." In other words, the customer is entitled to recover such damages as would naturally be sustained in restoring himself to the position of which he has been deprived.

The plaintiff did not promptly disaffirm the sale, did not require the defendants to replace the stocks, and did not buy back or replace the stocks himself. Up to August 24, 1879 (ten days after the plaintiff had notice of the sale), the Lake Shore and Wabash stocks could have been repurchased at a price less than they were sold for by the defendants, so that if the plaintiff had performed the duty and complied with the rule laid down in Baker v. Drake (*supra*), he could have had no legal reason to complain of the defendants' conduct. Ten days was certainly reasonable, and even more than ample, time to replace the stocks, if the plaintiff had decided to do so. He waited until the stocks had risen, and then gave notice to sell. Upon this notice he seeks to found his claim to damages. If the rule laid down in Baker v. Drake (*supra*) were not applied to this litigation, the plaintiff would occupy the fortunate position spoken of by Judge RAPALLO in the case just referred to, and by seizing upon the happy moment when he gave his notice to sell, as the opportunity for profit, of which he was deprived by his transgressing brokers, would compel them to replace, with solid funds, his imaginary loss. Such a result is not to be permitted by any authority to which I have been referred.

The question of ratification incidentally comes up as a matter of law (the facts being undisputed), but I prefer to dispose of the case upon the question of dam-

ages, by holding that, as the money deposited as margins was exhausted prior to the sale, by the gradual depreciation in value of the stocks sold, the plaintiff has suffered no real loss by the acts of which he complains, and is not, therefore, entitled to any recovery. Judgment upon the verdict, will, therefore, be given for the defendants, with costs.

NOTE.—No appeal was taken.